# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARNOLD HOLMBERG,<br><br>                Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>                Respondent. | Case No. 3:21-cv-00082-RRB |

## **ORDER of DISMISSAL**

Arnold Holmberg, representing himself from Goose Creek Correctional Center, has filed a habeas petition under 28 U.S.C. § 2241, claiming that he is challenging his pretrial detention in "3AN-20-07724CR."[1] Mr. Holmberg also has filed an Application to Proceed in District Court Without Prepaying Fees or Costs, but he did not file a certified copy of his prison trust account statement, showing that he cannot afford the $5.00 filing fee in this case.[2]

The Court takes judicial notice[3] that there is no Alaska State Court public record of a case numbered 3AN-20-07724CR, but the records show that

---

[1] Docket 1.

[2] Docket 3; Local Civil Rule 3.1(c)(3); Local Habeas Rule 3.1 (referring to former Local Civil Rule 4.2).

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . . ." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South*

Mr. Holmberg is currently a defendant in several open criminal cases, all involving misdemeanor charges: *Municipality of Anchorage v. Arnold Jay Holmberg*, 3AN-19-04827CR, 5/15/19 date of offenses (unauthorized entry, and two counts of unlawful contact with victim/witness); *Municipality v. Holmberg*, 3AN-20-03152CR, 4/16/20 date of offense ("Assault-Words/Conduct Create Fear of Inj"); *Municipality v. Holmberg*, 3AN-20-08158CR, 10/17/20 date of offenses (violating conditions of release, unlawful contact with victim/witness, resisting arrest by hiding); *Municipality v. Holmberg*, 3AN-20-07643CR, 10/1/20 date of offenses (two counts each of violating conditions of release, obstructing justice by fleeing, and unlawful contact with victim/witness).[4]

The state court records show that, after his arrest on May 2, 2020, in the cases numbered 3AN-19-04827CR and 3AN-20-03152CR, $1,000 bail was posted, and on July 15, 2020, Mr. Holmberg was released from incarceration; but on October 18, 2020, Mr. Holmberg was arrested in 3AN-20-07643CR and 3AN-20-08158CR, on charges that include violating conditions of release and unlawful

---

*Coast Air Quality Management Dist*., 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[4] https://records.courts.alaska.gov/eaccess/searchresults; *see also id*., *Rhonda Peters v. Arnold Jay Holmberg*, 3AN-19-00211CI (short-term protective order issued against Mr. Holmberg, 1/22/19 – 2/11/19; long-term order denied, after petitioner failed to appear).

contact with a victim or witness, with bail set at $3,000.[5] Mr. Holmberg currently appears to be incarcerated.[6]

On April 6, 2021, in an updated Special Order regarding COVID-19 and Criminal Jury Trials, the Chief Justice of the Supreme Court for the State of Alaska stated that, "[a]s previously ordered, misdemeanor jury trials may resume on April 19, 2021 under the direction of the presiding judge."[7] A change of plea hearing held on April 7, 2021, with a pretrial conference scheduled for May 3, 2021, in all of Mr. Holmberg's cases.[8]

Mr. Holmberg asserts that he has been incarcerated for eight months as a pretrial detainee.[9] He presents four grounds for relief:

1. Mr. Holmberg claims "Unconstitutional Confinement" for "doing felony time [for a misdemeanor charge] . . . due to the corruption in the state court, DA, attorneys . . . ."[10]

---

[5] *See* https://records.courts.alaska.gov/eaccess/searchresults (Special Order No. 8259), https://public.courts.alaska.gov/web/covid19/docs/socj-2021-8259.pdf.

[6] *See* https://vinelink.vineapps.com/search/AK/Person.

[7] https://public.courts.alaska.gov/web/covid19/docs/socj-2021-8259.pdf (4/6/21 Special Order, referring to 3/1/21 Order 8242     ).

[8] https://records.courts.alaska.gov/eaccess/searchresults.

[9] Docket 1 at 7.

[10] *Id*. at 6–7.

2. Mr. Holmberg asserts a "Speedy Trial Violation Clause," under 18 U.S.C. § 3161(h), an exclusionary part of the Speed Trial Act pertaining to federal criminal trials,[11] claiming that two of his lawyers "avoid[ed] [him]. They use Covid-19 for delays after delays without [his] consent. 8 months is one year in state time. . . . All they want is for [him] to take a deal – and avoid [his] speedy trial [rights under] U.S. v. Olsen[12] [and] McNeely v. Blanas, 336 F.3d 822."[13]

3. Mr. Holmberg claims a violation of his right to Due Process, stating that there is "only corruption in the state judicial system. . . . Covid-19 is not above

---

[11] *See Bloate v. United States,* 559 U.S. 196, 198–99 (2010) ("The Speedy Trial Act of 1974 (Speedy Trial Act or Act), 18 U.S.C. § 3161 *et seq.,* requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, § 3162(a)(2). The Act, however, excludes from the 70–day period delays due to certain enumerated events. § 3161(h).").

[12] *United States v. Olsen,* 494 F.Supp.3d 722 (C.D. Cal. 2020), concerning the Speedy Trial Act in federal cases, was recently overruled by the Court of Appeals for the Ninth Circuit. *United States v. Olsen,* ___ F.3d ___, 2021 WL 1589359 (9th Cir. April 23, 2021) ("The Speedy Trial Act and our case law are silent as to what non-statutory factors district courts should generally consider. Nevertheless, in the context of the COVID-19 pandemic, we find relevant the following non-exhaustive factors: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial." *Id*. at *7).

[13] Docket 1 at 7.

the law . . . [and that he has been] proceeding at all times . . . under t[h]reat, duress, and coercion and unlawful seizure and unlawful imprisonment."[14]

4. Mr. Holmberg asserts "Obstruction of Justice," claiming that he has had "[n]o meaningful participation with the Court, Counsel, Clerk – no defense, no due process, no full discovery, no speedy trial, no marshal law, use Covid-19 to avoid [his] civil & constitutional rights."[15]

For relief, Mr. Holmberg requests this Court to "release & drop all charges with prejudice."[16]

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[17] A petitioner may properly challenge state pretrial detention under

---

[14] *Id*.

[15] *Id*. at 8; *but see Olsen*, ___ F.3d at ___, 2021 WL 1589359, at *2 ("The global COVID-19 pandemic has proven to be extraordinarily serious and deadly. In response, many state and local governments entered declarations curtailing operations of businesses and governmental entities that interact with the public. Beginning on March 13, 2020, the Central District of California—in light of the exigent circumstances brought on by the pandemic and the emergencies declared by federal and state officials—issued a series of emergency orders [including the] suspension of criminal jury trials, which began on March 13, 2020.") (citations omitted).

[16] Docket 1 at 8.

[17] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

§ 2241.[18] But a court must "promptly examine" a habeas petition.[19] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . ."

In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[20]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[21] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[22]

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the

---

[18] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

[19] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[20] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[21] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[22] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

United States."[23] This habeas statute provides federal courts with general habeas corpus jurisdiction.[24] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who wishes to challenge his state custody without a state judgment.[25] When examining a § 2241 petition from a pretrial detainee claiming a violation of his or her right to a speedy trial, a significant delay in the proceedings must be shown.[26]

Mr. Holmberg claims that he has been incarcerated for eight months.[27] In *McNeely v. Blanas*,[28] the Ninth Circuit found a delay of three years to be substantial, such that prejudice was presumed, triggering an inquiry under *Barker v. Wingo*.[29] The four-part test articulated by the Supreme Court in *Barker* is used to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[30] The factors to be

---

[23] 28 U.S.C. § 2241(c)(3).

[24] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[25] *Stow*, 389 F.3d at 885–88 (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment- for example, a defendant in pre-trial detention or awaiting extradition.")).

[26] *See Barker v. Wingo,* 407 U.S. 514, 530–31 (1972).

[27] Docket 1 at 7.

[28] 336 F.3d 822, 826 (9th Cir. 2003).

[29] *Barker,* 407 U.S. at 530.

[30] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient."[31]

### I. Appropriate Relief

For relief, Mr. Holmberg requests his "release & [that] all charges against him be dropped] with prejudice."[32] The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest.[33] Thus, although a state may "impose conditions on an arrestee's release, such as bail . . . [b]ail set at a figure higher than an amount reasonably calculated to fulfill [its] purpose [of assuring the presence of the accused at trial] is 'excessive' under the Eighth Amendment."[34] Mr. Holmberg, of course, has been granted release on bail, but the state records show that he violated the conditions of his release.

---

[31] *Id.* (citing *Barker*, 407 U.S. at 530); *see also United States v. Sheikh*, No. 2:18-cr-00119 WBS, ___ F.Supp.3d ___, 2020 WL 5995226, at *3 (E.D. Cal. Oct. 9, 2020) (Discussing the right to a speedy trial in a federal criminal case, explaining that "the coronavirus alone does not give the court the liberty to simply exclude time. Rather, the court must conduct a 'deliberate inquir[y] into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.'") (citation omitted).

[32] *Id*.

[33] *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247, at *1 (N.D. Cal. Nov. 29, 2017) (unpublished) (citing *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014)).

[34] *Id.* (quoting *Lopez-Valenzuela*, 770 F.3d at 777).

Mr. Holmberg's request, that the Court require charges against him in the state courts be dismissed, is not appropriate.[35] A speedy trial claim may be reviewed under § 2241 if a pretrial detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges.[36] Thus, although a federal court can order a state court to bring a petitioner to trial, federal courts do

---

[35] *Id.* at *2 ("A number of circuit courts have entertained habeas petitions alleging unconstitutional detention or excessive bail prior to trial. *See Atkins v. People of the State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) ('The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order *or by a petition for habeas corpus*.') (emphasis added); *accord, Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979); *Jenkins v. Harvey*, 634 F.2d 130, 132 (4th Cir. 1980); *Meechaicum v. Fountain*, 696 F.2d 790, 792 (10th Cir. 1983)."); *Belcher v. Nevada*, 3:20-cv-00554-MMD-CLB, 2020 WL 6731725, at *3 (D. Nev. Oct. 19, 2020), *report and recommendation adopted,* No. 3:20-cv-00554-MMD-CLB, 2020 WL 6729279 (D. Nev. Nov. 16, 2020) (slip op.) ("When a pretrial detainee challenges a bail determination, the Supreme Court and the Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack [v. Boyle],* 342 U.S. 1, 6–7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 ([9th Cir.] 2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus)."); *compare Davie v. Villanueva*, No. CV 20-6580 MWF (PVC), 2020 WL 4901611, at *3 (C.D. Cal. Aug. 20, 2020) ("[T]o the extent that he is seeking release on zero or reduced bail prior to trial due to health concerns arising from the coronavirus pandemic, this claim overlaps with his excessive bail claim. Furthermore, state courts can and do offer an adequate forum to litigate such claims.") (noting that a state appellate court granted "in part pretrial detainee's habeas petition seeking release on bail and order[ed] trial court to hold a hearing to 'consider entering a new and different order setting bail consistent with the [county's] June 23, 2020 amended bail order,' which was adopted to address inmate overcrowding during the COVID-19 pandemic).") (citation omitted).

[36] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted).

not order that state charges be dismissed.[37] The Court will not, therefore, address the merits of any underlying charges against Mr. Holmberg, or order that any state criminal charges against Mr. Holmberg be dismissed for any of the reasons set forth in his Petition.

## II. Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[38] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[39] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the

---

[37] *Cf. Olsen*, ___ F.3d at ___, 2021 WL 1589359, at *9 ("The pandemic is an extraordinary circumstance and reasonable minds may differ in how best to respond to it. The District Court here, however, simply misread the Speedy Trial Act's ends of justice provision in dismissing Olsen's indictment with prejudice.").

[38] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[39] *Younger*, 401 U.S. at 54*; see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause . . . sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[40]

The Court of Appeals for the Ninth Circuit has directly addressed abstention, regarding the claim of a state court violating the right to a speedy trial, explaining:

> *Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[41]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Holmberg's criminal cases in the state courts remain ongoing. Mr. Holmberg's claims should be addressed in his state court criminal proceedings, where he may also continue to address release on bail, if he believes he can adhere to the conditions of release.[42] This Court should not interfere with

---

[40] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[41] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (citing *Arevalo,* 882 F.3d at 764, 766–67).

[42] *See Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and

the trial court's fact-finding responsibilities and legal decisions in the state proceedings, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[43] This does not appear to be such a case.

### III. Exhaustion

Exhaustion is required under common law before bringing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241.[44] Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless extraordinary circumstances warranting federal intervention prior

---

conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[43] *Page,* 932 F.3d at 903.

[44] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted available state remedies); *Stow*, 389 F.3d at 886; *Reem*, 2017 WL 6765247, at *2 ("The exhaustion requirement addresses the same concerns of comity between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225–26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.').").

to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[45]

The Court may only address Mr. Holmberg's claims after he fully exhausts the available state court remedies,[46] and upon a showing that this Court should not abstain from addressing his claims.

Therefore, **IT IS HEREBY ORDERED:**

1. This case is DISMISSED without prejudice to exhausting claims in the state courts.

2. The Application to Proceed without Prepaying Fees or Costs, at Docket 3, is DENIED.[47]

---

[45] *Carden*, 626 F.2d at 83-85; https://public.courts.alaska.gov/web/covid19/docs/socj-2021-8259.pdf (Special Order 8259, reiterating that misdemeanor trials could resume on April 19, 2021).

[46] *See, e.g., Stack*, 342 U.S. at 6–7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, . . . 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial . . . . Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

[47] Mr. Holmberg did not file the required certified copy of his prison trust account statement, showing that he cannot afford the $5.00 filing fee in this case. Docket 3; Local Civil Rule 3.1(c)(3); Local Habeas Rule 3.1 (referring to former Local Civil Rule 4.2).

Case 3:21-cv-00082-RRB, *Holmberg v. Houser*
Order of Dismissal
Page 13 of 14

Case 3:21-cv-00082-RRB   Document 5   Filed 04/30/21   Page 13 of 14

3. The Clerk of Court is directed to enter Judgment accordingly.

Dated at Anchorage, Alaska this 30th day of April, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge